☑ FILED ___ ENTERED
___ LOGGED _____ RECEIVED

11:36 am, Feb 18 2021
AT BALTIMORE
CLERK, U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY _____ Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| IN THE MATTER OF THE AFFIDAVIT IN SUPPORT OF A SEARCH WARRANT AUTHORIZING A DNA SAMPLE COLLECTION FROM ALONTA JOHNSON | Case No. 1:21-mj-298 TMD |

**AFFIDAVIT IN SUPPORT OF**
**APPLICATION FOR A SEARCH WARRANT**

I, Special Agent ("SA") James Nugent with the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF"), being duly sworn, depose and state:

**INTRODUCTION**

1. The ATF and Baltimore City Police Department ("BPD") have been investigating ALONTA JOHNSON for a violation of 18 U.S.C. § 922(g) (possession of a firearm by a prohibited person). This affidavit is being submitted in support of an application for a search warrant pursuant to Federal Rule of Criminal Procedure 41 to obtain samples of DNA for comparison purposes in the form saliva and blood from JOHNSON, a man born in 1993, assigned an FBI number ending in IJD0, and as depicted in Attachment A. JOHNSON is believed to be residing at Maryland Reception, Diagnostic, and Classification Center, located at 550 E. Madison Street, Baltimore, Maryland. The warrant would authorize members of the ATF, their authorized representatives, or a medical professional acting on behalf of law enforcement, to obtain DNA contained within saliva and blood samples from JOHNSON, as described in Attachment B.

2. I submit this affidavit for the limited purpose of securing the requested warrant. I have not included details of every aspect of this investigation to date. Rather, I have set forth only those facts that I believe are necessary to establish probable cause supporting the warrant. I have

1

not, however, intentionally omitted information that would tend to defeat a determination of probable cause. The information contained in this affidavit is based upon my personal knowledge, my review of documents and other evidence, and my conversations with other law enforcement officers and other individuals. All conversations and statements described in this affidavit are related in substance and in part unless otherwise indicated.

3. I believe that probable cause exists that JOHNSON possessed a firearm on July 21, 2020 in the District of Maryland in violation of 18 U.S.C. § 922(g). Therefore, I respectfully request that this Court find probable cause that evidence of the aforementioned criminal violation is contained in the form of DNA in saliva in the possession of JOHNSON.

## AFFIANT BACKGROUND

4. I am an "investigative or law enforcement officer of the United States" within the meaning of Section 2510(7) of Title 18, United States Code, that is, an officer of the United States who is empowered by law to conduct investigations of and to make arrests for offenses enumerated in Section 2516 of Title 18.

5. I have been an ATF SA since June 2018. I am currently assigned to the ATF Baltimore Field Division, Baltimore III Field Office. I have attended the United States Department of Homeland Security's Criminal Investigator Training Program and ATF's Special Agent Basic Training, both located in Glynco, Georgia, for a combined period of twenty-seven weeks. I have received extensive training, both formal and on-the-job, in the provisions of the Federal Firearms Laws and Federal Narcotics Laws administered under Title 18, Title 21 and Title 26 of the United States Code. As an ATF agent, I have conducted and participated in investigations concerning violations of federal firearm laws, violations of federal controlled substance laws, and the commission of violent crimes. I have received specialized training regarding, and have personally

participated in, various types of investigative activities, including, but not limited to, the following: (a) physical surveillance; (b) the debriefing of defendants, witnesses, informants, and other individuals who have knowledge concerning violations of federal firearms and controlled substance laws; (c) the execution of search warrants; (d) the consensual monitoring and recording of conversations; (e) electronic surveillance through the use of pen registers; and (f) the handling, maintenance, and examination of evidence to include wireless telephones and computers.

6. Prior to my employment with the ATF, I was employed by the Metro Transit Police Department (MTPD) as a patrol officer for five years. I was also certified as a crime scene technician for approximately three of those five years. As a patrol officer with the MTPD, I was a certified officer in Maryland, Virginia, and Washington, DC.

7. Finally, based on my training and experience, I also generally know that Deoxyribonucleic Acid ("DNA") can be found on items such as clothing and firearms and can be compared to a sample of DNA from a known person. This comparison can help identify or eliminate suspects.

## **PROBABLE CAUSE**

8. On July 21, 2020, BPD officers were on patrol in the 3600 block of Hayward Avenue, Baltimore, MD, when they observed a Gray Acura MDX, with a fully tinted front windshield. The officers attempted to stop the vehicle for the suspected illegal window tinting by activating their emergency equipment. The driver of the vehicle, later identified as Alonta JOHNSON, refused to stop the vehicle and began driving away from the officers. Officers observed JOHNSON open the driver side door multiple times while he was still driving, in what appeared to be an attempt to bail from the moving vehicle.

9. Johnson eventually struck a parked vehicle and attempted to flee on foot. Officers observed JOHNSON drop a firearm as he was running. One officer continued pursuing JOHNSON on foot, while another officer recovered the firearm, which was a Ruger, SR22P, .22 caliber semi-automatic pistol, bearing serial number 36028206. The firearm and magazine were found to contain eight rounds of .22 ammunition, including one in the chamber.

10. I know, from conversations with a nexus expert at the ATF, that the firearm and ammunition recovered on July 21, 2020, were not manufactured in Maryland, and therefore effected interstate commerce prior to its recover in Maryland in July.

11. I conducted a query of JOHNSON's criminal history and know JOHNSON has been convicted of a crime punishable by more than one year in prison, which makes him prohibited from possessing firearms and/or ammunition including those that travel in interstate commerce. Specifically, in 2014, JOHNSON was convicted in Maryland State Court of two counts of Armed Robbery. JOHNSON was sentenced to ten years of active incarceration. As a result of that conviction he knew, or should have known, he was sentenced to a period longer than one year in prison.

12. I verified through BPD's DNA lab that the Ruger, SR22P, .22 caliber semi-automatic pistol, bearing serial number 36028206 was swabbed prior to being test fired. The BPD lab would be able to compare DNA samples from JOHNSON to DNA samples from the swabbed handgun.

13. Shortly after his arrest, an Anne Arundel County Detective obtained a Maryland State Court search warrant for JOHNSON's DNA for an investigation in that jurisdiction. The Anne Arundel Detective attempted to execute the state DNA warrant but was unable to do so because JOHNSON refused to provide his DNA via a buccal swab.

14. On October 16, 2020, U.S. Magistrate Judge Thomas M. DiGirolamo authorized a federal search warrant for JOHNSON's DNA through saliva samples. ATF investigators attempted to execute the warrant on October 27, 2020 but JOHNSON refused to provide his DNA. Specifically, on October 27, 2020, I went to the Central Booking Facility in Baltimore, Maryland where JOHNSON was detained. I advised JOHNSON that I had a Federal Search Warrant to obtain his DNA. JOHNSON told investigators that he would not willingly give his DNA to investigators.

## DNA AUTHORIZATION REQUEST

15. Based on my training and experience, I believe that JOHNSON's DNA will be on the firearm recovered during his arrest. A known sample of his DNA is required in order to test and compare any and all DNA recovered. Accordingly, I am requesting authorization for a warrant to obtain samples of DNA for comparison purposes and authorization to use all reasonable and necessary force in order to obtain the samples. The samples will be used to compare JOHNSON's to the swabs taken from the firearm and magazine that I believe was possessed by JOHNSON in violation of 18 U.S.C. § 922(g), prohibited person in possession of a firearm.

16. Although oral swab samples are the least intrusive and least painful way to obtain DNA from a cooperative individual, based on JOHNSON's prior refusals to provide his DNA through a saliva sample on two occasions, I respectively request that this Court authorize investigators to obtain saliva and blood samples for purposes of DNA comparison, and further permit the government to use all reasonable and necessary force in order to obtain the samples.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

_____
James Nugent
Special Agent
Bureau of Alcohol, Tobacco, Firearms and Explosives

*Digitally signed by JAMES NUGENT
Date: 2021.02.02 09:21:31 -05'00'*

Affidavit submitted by email and attested to me as true and accurate by telephone consistent with Fed. R. Crim. P. 4.1 and 41(d)(3) this __2__ day of February, 2021.

_____
The Honorable Thomas M. DiGirolamo
United States Magistrate Judge
District of Maryland

# ATTACHMENT A

### Photograph of Person to be Searched

Alonta JOHNSON
Born in 1983
Currently residing at: Maryland Reception, Diagnostic, and Classification Center
550 East Madison Street
Baltimore, Maryland
Last four digits of FBI No.: IJD0



7

1:21-mj-298 TMD

## ATTACHMENT B

### Description of Items to be Seized

1) Buccal (oral) swabs of the inside of JOHNSON's mouth limited to the extent where sufficient samples of DNA are obtained.

2) Blood samples from JOHNSON according to accepted scientific practices and limited to the extent where sufficient sample of DNA are obtained.

The government may use all reasonable and necessary force in order to obtain the samples.

8